UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

GARY LEE WOODROFFE

GARY LEE WOODROFFE,

    Appellant,

v.                                               Case No: 8:18-cv-1437-T-36

JON WAAGE, Trustee and STATE OF
FLORIDA, DEPARTMENT OF REVENUE,

    Appellees.

## ORDER

This cause comes before the Court on Appellant's Emergency Motion to Extend the Automatic Stay in Appeal (Doc. 4) (the "Motion"). The Court, having considered the Motion and being fully advised in the premises, will deny the Motion.

**I.    BACKGROUND**

On May 22, 2018, Appellant Gary Lee Woodroffe filed a notice of appeal in Bankruptcy Court from an Order Denying Confirmation of Chapter 13 Plan and Dismissing Case. Doc. 1-1. The notice was docketed in this Court on June 14, 2018 (Doc. 1), and shortly thereafter, on June 19, Woodroffe filed the instant Motion seeking an extension of the automatic stay pending appeal.

In the Motion, Woodroffe argues that he has experienced a substantial change in circumstances since the dismissal of a prior bankruptcy case. Doc. 4 ¶ 5. Specifically, Woodroffe argues that during the bankruptcy proceedings, he was unable to make mortgage payments because

1

of a fraudulent claim of child support arrears that resulted in improper garnishment of his social security retirement income, causing foreclosure on his homestead and dismissal of the bankruptcy case. *Id.* ¶ 5b. He urges in the Motion that absent the fraudulent garnishment, his Chapter 13 bankruptcy plan would have been confirmed. *Id.* Additionally, he contends that this information was presented to the Bankruptcy Court, but due to "a mistake in the case number" on his filing, it was not considered by the Bankruptcy Court, which improperly dismissed the case. *Id.* ¶ 5e-f. Woodroffe posits that because a downward modification of his child support obligations was warranted, he has experienced a change in circumstances that justifies an extension of the automatic stay. *Id.* ¶ 5.

## II. LEGAL STANDARD

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994). "Motions of an emergency nature may be considered and determined by the Court at any time, in its discretion." M.D. Fla. L. R. 3.01(e).

To be entitled to a stay pending appeal, the movant must show four factors: (1) that he or she is likely to prevail on the merits of the appeal; (2) that absent a stay, he or she will suffer irreparable damage; (3) that the adverse party will not suffer substantial harm from issuance of the stay; and (4) that issuing the stay serves the public interest. *Ramos v. Weatherford*, No. 6:15-cv-871-Orl-41, 2015 WL 12765453, at *2 (M.D. Fla. July 16, 2015) (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *In re Dale Mabry Props., Ltd.*, 149 B.R. 209, 210 (M.D. Fla. 1992)). "The party requesting the stay must show satisfactory evidence on all four criteria." *In re F.G. Metals, Inc.*, 390 B.R. 467, 472 (M.D. Fla. 2008) (citing *In re Davis*, 373 B.R. 207, 210

(Bankr. N.D. Ga. 2007)). Ordinarily, the first factor of the movant's likelihood of success is the most important factor, and the movant must show that the court below was clearly erroneous. *Id.* (citing *Antonio v. Bello*, No. 04-12794-GG, 2004 WL 1895123, at *1 (11th Cir. 2004)).

## III. DISCUSSION

Woodroffe filed his motion pursuant to 11 U.S.C. § 362(c)(3), which governs extensions of the automatic stay where an individual had a prior chapter 7, 11, or 13 case that was dismissed within one year of the subsequent case. In such cases, the automatic stay terminates thirty days after the date of the petition in the latter case, but the debtor may move to extend the stay. 11 U.S.C. § 362(c)(3)(A). The bankruptcy court may extend the stay after notice and a hearing completed before the expiration of the thirty-day period if the debtor shows that the latter-filed case was filed in good faith. *Id.* § 362(c)(3)(B). The movant must file the motion so that a hearing may be completed before expiration of the thirty-day period. *In re McLemore*, No. 13-80467-WRS, 2013 WL 3760623, at *2 (M.D. Ala. July 16, 2013) (stating that an expired automatic stay cannot be revived by a late motion); *In re Russ*, 19 Fla. L. Weekly Fed. B 373, at *1 (N.D. Fla. Aug. 4, 2006) ("Under the provisions of the Bankruptcy Code, the Court can only extend the stay after a hearing completed before the stay terminates on the 30th day post-petition).

Such a motion is not proper in this Court. In this matter, the district court sits in an appellate capacity to review the decisions of the Bankruptcy Court. *In re Chris-Marine, U.S.A., Inc.*, 321 B.R. 63, 64 (M.D. Fla. 2004) (stating that "the district court sits in an appellate capacity when reviewing the determination of a bankruptcy court"). Woodroffe has not presented this Court with an order by the Bankruptcy Court regarding the automatic stay for review.

Moreover, even if such a motion was proper, it would be untimely. A motion under § 362(c)(3)(B) must be made before the expiration of the automatic stay. *In re McLemore*, 2013

WL 3760623, at *2. It is unclear when the automatic stay would have expired in this case, but because the order on appeal was entered on May 15, 2018, more than thirty days must have elapsed. Doc. 1-1.

Notably, Woodroffe appears misinformed by the nature of the proceedings in this Court. In his Motion, he indicates that Bankruptcy Case Number 8:17-bk-8529 is a "prior case" that was dismissed, using that case as his basis for argument under § 362(c)(3). That, however, is the bankruptcy case number for the case on appeal. Doc. 1-1. Thus, that is the same bankruptcy case, but at a different stage of the proceedings, and it is unclear whether § 362(c)(3) applies to this case.

Additionally, even had Woodroffe filed his Motion pursuant to the applicable rule, the Motion could not be granted. The applicable rule for obtaining a stay on appeal is Federal Rule of Bankruptcy Procedure 8007, which advises that "[o]rdinarily, a party must move first in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal," Fed. R. Bankr. P. 8007(a)(1)(A), with the caveat that such a motion "may be made in the court where the appeal is pending," Fed. R. Bankr. P. 8007(b)(1). *Cf. Matter of Houchins*, No. 14-11928-WHD, 2014 WL 7793416, at *1-2 (N.D. Ga. Oct. 29, 2014) (reviewing a request for a stay of an order denying a motion for extension of the automatic stay pursuant to Rule 8007); *In re McKenzie*, No. A09-78963-PWB, 2009 WL 6499259, at *1-2 (N.D. Ga. Nov. 2, 2009) (analyzing a request to extend the automatic stay on appeal pursuant to Rule 8007). If the motion is made in the district court, it must either "[s]how that moving first in the bankruptcy court would be impracticable" or, "if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or that the court has ruled and set out any reasons given for the ruling." *Id.* 8007(b)(2)(A)-(B). Additionally, the motion must include (1) "the reasons for granting the

relief requested and the facts relied upon," "affidavits or other sworn statements supporting facts subject to dispute," and "relevant parts of the record." *Id.* 8007(b)(3)(A)-(C).

The Motion here, which does not state whether a motion was first made in the bankruptcy court or why such a motion would be impracticable, and is not supported by relevant parts of the record or sworn statements, does not comply with Rule 8007. *Rosenbrough v. Regions Bank, NA*, No. 15-cv-80391-MIDDLEBROOKS, 2015 WL 12860291, at *1 (S.D. Fla. July 21, 2015) (denying a motion to stay where the movant "failed to cite the correct legal standards for a stay of a bankruptcy order pending appeal" and "fail[ed] to explain why the Bankruptcy Court denied the initial motion to stay" in accordance with Rule 8007); *Akers v. Gregory Funding, LLC*, No. 3:17-1470, 2018 WL 2363976, at *3-4 (M.D. Tenn. May 24, 2018) (denying a pro se motion seeking a stay because the motion failed to meet the requirements of Rule 8007 for application for a stay in the district court). Because Woodroffe did not comply with the Rule, the Court cannot properly evaluate the merits of the Motion, and it will be denied.

Accordingly, it is **ORDERED**

1. Appellant's Emergency Motion to Extend the Automatic Stay in Appeal (Doc. 4) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on June 22, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any