UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

GARY LEE WOODROFFE

GARY LEE WOODROFFE,

    Appellant,

v.                                              Case No: 8:18-cv-1437-T-36

JON WAAGE, Trustee and STATE OF
FLORIDA, DEPARTMENT OF REVENUE,

    Appellees.

## ORDER

This cause comes before the Court on Appellant's Emergency Motion to Stay Judgment (Doc. 13) (the "Motion"). The Court, having considered the Motion and being fully advised in the premises, will deny the Motion.

**I.    BACKGROUND**

On May 22, 2018, Appellant Gary Lee Woodroffe filed a notice of appeal in Bankruptcy Court from an Order Denying Confirmation of Chapter 13 Plan and Dismissing Case. Doc. 1-1. The notice was docketed in this Court on June 14, 2018 (Doc. 1) and, shortly thereafter, on June 19, Woodroffe filed a motion to extend the automatic stay pending appeal (Doc. 4), which the Court denied (Doc. 6). Woodroffe has now filed the instant Motion, which requests that the Court stay a foreclosure sale scheduled by a Florida court for July 16, 2018 as part of a foreclosure action pending before that Court. Doc. 13 at 1-2. Woodroffe has also moved to consolidate this

bankruptcy appeal with case number 8:18-cv-01614-CEH-CPT, pending in this Court, in which Woodroffe removed the state foreclosure action. Doc. 12; Doc. 13 at 2.

Woodroffe argues that the foreclosure sale should not be permitted to proceed for several reasons. First, he argues that service of process in the foreclosure action was inadequate, and he received no notice of the hearing at which the foreclosure sale date was set. Doc. 13 at 2-4. Second, Woodroffe argues that he has not paid his mortgage because the Department of Revenue ("DOR") incorrectly claims he owes child support arears, and has improperly garnished his Social Security retirement benefits, which Woodroffe would be using to pay his mortgage. *Id.* at 5. He states that a hearing will be held on July 13, 2018 regarding vacating the child support arears, and that once this occurs and the garnishment is lifted, he will pay his mortgage. *Id.* at 5-6.

## II.    LEGAL STANDARD

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994). "Motions of an emergency nature may be considered and determined by the Court at any time, in its discretion." M.D. Fla. L. R. 3.01(e).

To be entitled to a stay pending appeal, the movant must show four factors: (1) that he or she is likely to prevail on the merits of the appeal; (2) that absent a stay, he or she will suffer irreparable damage; (3) that the adverse party will not suffer substantial harm from issuance of the stay; and (4) that issuing the stay serves the public interest. *Ramos v. Weatherford*, No. 6:15-cv-871-Orl-41, 2015 WL 12765453, at *2 (M.D. Fla. July 16, 2015) (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *In re Dale Mabry Props., Ltd.*, 149 B.R. 209, 210 (M.D. Fla. 1992)). "The party requesting the stay must show satisfactory evidence on all four criteria." *In re*

*F.G. Metals, Inc.*, 390 B.R. 467, 472 (M.D. Fla. 2008) (citing *In re Davis*, 373 B.R. 207, 210 (Bankr. N.D. Ga. 2007)). Ordinarily, the first factor of the movant's likelihood of success is the most important factor, and the movant must show that the court below was clearly erroneous. *Id.* (citing *Antonio v. Bello*, No. 04-12794-GG, 2004 WL 1895123, at *1 (11th Cir. 2004)).

Pursuant to Federal Rule of Bankruptcy Procedure 8007, "[o]rdinarily, a party must move first in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A) Under such circumstances, the district court reviews the bankruptcy court's order for abuse of discretion. *In re Phillips*, 483 B.R. 254, 257 (M.D. Fla. 2012) (citing *In re Colony Square Co.*, 788 F.2d 739, 741 (11th Cir. 1986)).

However, in certain circumstances, a motion for a stay "may be made in the court where the appeal is pending." Fed. R. Bankr. P. 8007(b)(1). *Cf. Matter of Houchins*, No. 14-11928-WHD, 2014 WL 7793416, at *1-2 (N.D. Ga. Oct. 29, 2014) (reviewing a request for a stay of an order denying a motion for extension of the automatic stay pursuant to Rule 8007); *In re McKenzie*, No. A09-78963-PWB, 2009 WL 6499259, at *1-2 (N.D. Ga. Nov. 2, 2009) (analyzing a request to extend the automatic stay on appeal pursuant to Rule 8007). Where the moving party first filed the motion in the district court, the motion must either "[s]how that moving first in the bankruptcy court would be impracticable" or, "if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or that the court has ruled and set out any reasons given for the ruling." *Id.* 8007(b)(2)(A)-(B). Additionally, the motion must include "the reasons for granting the relief requested and the facts relied upon," "affidavits or other sworn statements supporting facts subject to dispute," and "relevant parts of the record." *Id.* 8007(b)(3)(A)-(C).

## III. DISCUSSION

Here, it is unclear whether a motion was first made to the Bankruptcy Court. Woodroffe states that the "Bankruptcy [C]ourt has ordered as of 7-10-2018, Rule 8007 Relief from a Motion to Stay does not lie in the Bankruptcy [C]ourt." Doc. 13 at 2. Woodroffe then states that because he removed the foreclosure action and moved to consolidate the cases, he filed the instant Motion[1]. *Id.* Woodroffe has not filed any papers from the bankruptcy proceeding, such as a motion to stay filed in the Bankruptcy Court, or an Order denying such a motion, which could clarify the reasons for a denial. Thus, it is not possible for the Court to determine whether the Bankruptcy Court abused its discretion in denying a motion to stay.

Moreover, Woodroffe fails to comply with other procedural requirements for requesting a stay. He does not, for example, include relevant parts of the record, or provide affidavits or sworn statements that are pertinent to the facts in dispute. Fed. R. Bankr. P. 8007(b)(3). Although Woodroffe filed affidavits, they pertain to events in the foreclosure proceeding, not the bankruptcy proceeding. Doc. 14. He does not identify the reason why the Bankruptcy Court denied his Chapter 13 plan and dismissed the case, beyond stating in a prior filing that he was unable to provide an adequate payment plan due to his child support obligations. Doc. 4. These deficiencies prevent the Court from granting a stay. *Rosenbrough v. Regions Bank, NA*, No. 15-cv-80391-MIDDLEBROOKS, 2015 WL 12860291, at *1 (S.D. Fla. July 21, 2015) (denying a motion to stay where the movant "fail[ed] to explain why the Bankruptcy Court denied the initial motion to stay" in accordance with Rule 8007).

---

[1] No Order has been entered on Woodroffe's motions to consolidate. *See* Docs 9, 12. Until an Order is entered consolidating Woodroffe's cases, matters relating to the foreclosure action should be filed in Case No. 8:18-cv-1614-T-36CPT. Although Woodroffe has filed a notice removing the foreclosure action to federal court, the Court questions whether it has subject matter jurisdiction over the foreclosure action.

Regardless, Woodroffe fails to establish that a stay is appropriate in this case. First, Woodroffe has not shown that he is likely to succeed on the merits. Woodroffe focuses his argument on the legitimacy of his child support obligations. Domestic support obligations, such as child support, are non-dischargeable under Chapter 13. *In re Diaz*, 647 F.3d 1073, 1090 (11th Cir. 2011). Additionally, domestic support obligations are first priority claims, for which a Chapter 13 plan must provide full payment. 11 U.S.C. §§ 507(a)(1), 1322(a); *see also In re Hutchens*, 480 B.R. 374, 382 (M.D. Fla. 2012); *In re Dupree*, 285 B.R. 759, 763 (M.D. Ga. 2002) (stating that a child support claim was "valid and non-dischargeable for the full amount" and "must be treated as such in Debtor's Chapter 13 plan."). Pursuant to the Bankruptcy Code, the Court may dismiss a Chapter 13 bankruptcy case under certain circumstances, including if the debtor fails to make timely payments under the plan, there is unreasonable delay by the debtor that is prejudicial to creditors, or the bankruptcy court denies confirmation and any request for additional time to file a new plan or modification of a plan. 11 U.S.C. § 1307(c); *see also Slater v. United States Steel Corp.*, 871 F.3d 1174, 1179 n.3 (11th Cir. 2017) ("If the debtor fails to make payments due under a Chapter 13 plan, he may be forced to convert to a Chapter 7 proceeding or the court may dismiss his bankruptcy case entirely."). Woodroffe has not shown that the Bankruptcy Court could alter his child support obligation, or was clearly erroneous in dismissing his Chapter 13 case. *In re F.G. Metals*, 390 B.R. at 472 (stating that to show a likelihood of success on the merits, requires a showing that the bankruptcy court was clearly erroneous). Accordingly, Woodroffe has failed to establish the first element required for a stay pending appeal.

Because Woodroffe did not show a likelihood of success on the merits, a stay may be imposed only if each of the other criteria "tend strongly" in his favor. *Id.* The Court finds that they do not. Although Woodroffe will suffer harm from the sale, he has not shown that his creditor

will not suffer substantial harm if the sale is not permitted to proceed. Instead, he argues that neither his child nor the child's mother will be harmed. Doc. 13 at 9. Based on the documents before the Court, the creditor in the foreclosure action is Federal National Mortgage Association. Doc. 14-1 at 1. Because the property is the subject of a foreclosure action and no Chapter 13 plan is in place, nothing indicates that the creditor is being paid for the property, which Woodroffe states "has fallen into . . . disrepair." Doc. 13 at 4. The public interest is not served by delaying repayment of Woodroffe's creditor under these circumstances. Thus, the Court finds that Woodroffe did not meet the burden required for this Court to impose a stay pending appeal.

Accordingly, it is **ORDERED**

1. Appellant's Verified Emergency Motion to Stay Judgment (Doc. 13) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on July 13, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any