UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY LEE WOODROFFE,

    Appellant,

v.                                             Case No: 8:18-cv-1437-T-36

JON WAAGE and STATE OF FLORIDA,
DEPARTMENT OF REVENUE,

    Appellees.
_____/

## **ORDER**

This matter comes before the Court upon Appellant's Emergency Motion for Temporary Restraining Order to Enjoin Further Foreclosure Proceedings and Social Security Administration Garnishment (the "Motion") (Doc. 39). In the motion, Appellant requests that the Court (1) join the Social Security Administration, Sarasota County tax assessor, and Lizbeth Lynn Lotesy as parties to this appeal; (2) grant a temporary restraining order preventing further title or eviction activity with respect to his homestead, which was sold in a foreclosure sale on December 21, 2018; and (3) grant a temporary restraining order enjoining the Florida Department of Revenue from garnishing Appellant's social security income and enjoining the Social Security Administration from allowing such garnishment. The Court, having considered the motion and being fully advised in the premises, will deny the Motion.

**I.**     **BACKGROUND**

This case arises from Appellant's appeal of the Bankruptcy Court's Order Denying Confirmation of Chapter 13 Plan and Dismissing Case ("Dismissal Order"). Doc. 1. The Bankruptcy Court denied Appellant's Chapter 13 plan because it did not meet the requirements for confirmation. Doc. 16-2 ¶ 1.

During the bankruptcy proceedings, the State of Florida filed a proof of claim for child support enforcement for payments to be sent to the Florida Department of Revenue. Doc. 16-10 at 1. The claim was for $114,754.00. *Id.* at 2. Federal National Mortgage Association ("Fannie Mae") also filed a proof of claim for amounts owed on a mortgage loan secured by real property (the "Property"). Doc. 16-11 at 1-2. The amount necessary to cure the default was $91,320.75, and the amount of the claim was $187,365.37. *Id.* at 2. Appellant repeatedly disputed the validity and amount of the child support claim, arguing that it was fraudulent. *See*, *e.g.*, Docs. 16-14, 16-15, 16-25, 16-26, 16-37, 16-38, 16-60, 16-62, 16-80. Additionally, Appellant has argued that foreclosure proceedings on the secured property are improper because his inability to pay the mortgage stems from the improper child support judgment. Docs. 16-26 at 7, 14; 16-58 at 6; 16-66 at 2. Specifically, Appellant contends that an order by a Florida court wrongfully allowed garnishment of his social security income to pay for the child support arrearages, preventing him from making mortgage payments. Doc. 39 at 7, 10.

The Property was sold at a foreclosure sale on December 21, 2018. *Id.* at 1. Appellant claims that the foreclosure sale was in violation of the Supremacy Clause of the United States Constitution and was an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution. *Id.* at 4. Accordingly, Appellant seeks to enjoin further garnishment of his social security income, as well as any further proceedings with respect to transferring title or possession of the Property. *Id.* at 21.

## II. LEGAL STANDARD

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61

(M.D. Fla. 1994). And although the Court liberally construes filings by *pro se* plaintiffs, the plaintiffs must still comply with the Federal Rules of Civil Procedure and the Court's Local Rules. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

"The issuance of a temporary restraining order or preliminary injunctive relief is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)). Pursuant to the Federal Rules of Civil Procedure, a temporary restraining order may be granted without written or oral notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). In order to obtain a temporary restraining order, a movant must show: (1) a substantial likelihood of success on the merits; (2) an irreparable injury in the absence of the requested injunction; (3) a threatened injury that exceeds any injury to the non-moving party caused by the injunction; and (4) that public policy favors such an order. *Dimare Ruskin, Inc. v. Del Campo Fresh, Inc.*, No. 8:10-cv-1332-T-23AEP, 2010 WL 2465158, at *1 (M.D. Fla. June 15, 2010) (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)); *see also* M.D. Fla. L.R. 4.05(b)(4) (requiring a party requesting a temporary restraining order to submit a brief or memorandum addressing these factors).

Similarly, the Local Rules of the Middle District of Florida provide that a party seeking a temporary restraining order must show "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible[,]" including the reason that notice cannot be given. M.D. Fla. L. R. 4.05(b)(2) and (4). Additionally, the Local Rules require that a

motion for a temporary restraining order "be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d), Fed. R. Civ. P." *Id.* 4.05(b)(3). Finally, before the Court may grant either a temporary restraining order or a preliminary injunction, the moving party must post security "in an amount . . . to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

## III.  DISCUSSION

### A.  Joinder

Appellant requests that this Court join the Social Security Administration, the Sarasota County tax assessor, and Lizabeth Lynn Lotsey (an alleged client of the Florida Department of Revenue), who are non-parties, in this bankruptcy appeal of the Dismissal Order. Doc. 39 at 11-12. Appellant's request is made pursuant to Federal Rule of Civil Procedure 18, which states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." This rule does not apply to joining non-parties in a bankruptcy appeal.

Nor does Appellant address the propriety of joining these non-parties to this appeal, or their relationship to the Dismissal Order by the Bankruptcy Court. Instead, Appellant requests these non-parties be joined because he claims that they are involved with the allegedly improper child support claim by the Florida Department of Revenue that resulted in garnishment of his social security income. Because Appellant has not shown what relationship the non-parties have to the Dismissal Order, whether they are bound by the Dismissal Order, or whether they have an interest in defending the Dismissal Order, the Motion is denied with respect to Appellant's request for joinder. *Cf.* Joan Steinman, 39 Ga. L. Rev. 411, 517-521 (2005) (discussing non-party appellees

4

and identifying as relevant issues whether a case or controversy exists between the appellant and non-party appellee and whether the non-party is bound or would be subject to disappointment by a reversal on appeal).

### B. Temporary Restraining Order

Appellant requests that the Court grant temporary restraining orders enjoining (1) title or eviction activity with respect to the Property until he has an opportunity to restore mortgage payments or his constitutional challenges have been heard; (2) the Florida Department of Revenue from garnishing his social security income, so as to allow him to make mortgage payments; and (3) the Social Security Administration from allowing garnishment of his social security income. Doc. 39 at 21. Appellant has not complied with Rule 65 and Local Rule 4.05. Initially, Appellant does not indicate what efforts were made to give notice to Appellee or provide reasons that notice should not be required. Accordingly, he has not complied with the requirements of Rule 65.

Additionally, the Motion does not set forth facts upon which the Court could make a reasoned determination of how much security would be warranted and is not accompanied by a proposed order that complies with the strict requirements of Rule 65(b) and (d), as required by Local Rule 4.05. Thus, Appellant has not complied with the requirements of Local Rule 4.05.

Moreover, the movant must demonstrate that

> (a) there is a substantial likelihood of success on the merits;
>
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;
>
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
>
> (d) the TRO or preliminary injunction would not be averse to the public interest.

*Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). A temporary restraining order is "an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites. The burden of persuasion in all of the four requirements is at all times upon the plaintiff." *United States v. Jefferson Cty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (internal quotation marks and citations omitted).

Although Appellant has alleged irreparable injury—loss of possession of the Property and eviction—he has not met the burden of persuasion with respect to the likelihood of success on the merits. His argument focuses on the legitimacy of his child support payment. Doc. 39 at 10. Domestic support obligations, such as child support, are non-dischargeable under Chapter 13. *In re Diaz*, 647 F.3d 1073, 1090 (11th Cir. 2011). Additionally, domestic support obligations are first priority claims, for which a Chapter 13 plan must provide full payment. 11 U.S.C. §§ 507(a)(1), 1322(a); *see also In re Hutchens*, 480 B.R. 374, 382 (M.D. Fla. 2012); *In re Dupree*, 285 B.R. 759, 763 (M.D. Ga. 2002) (stating that a child support claim was "valid and non-dischargeable for the full amount" and "must be treated as such in Debtor's Chapter 13 plan."). Pursuant to the Bankruptcy Code, the Court may dismiss a Chapter 13 bankruptcy case under certain circumstances, including if the debtor fails to make timely payments under the plan, there is unreasonable delay by the debtor that is prejudicial to creditors, or the bankruptcy court denies confirmation and any request for additional time to file a new plan or modification of a plan. 11 U.S.C. § 1307(c); *see also Slater v. United States Steel Corp.*, 871 F.3d 1174, 1179 n.3 (11th Cir. 2017) ("If the debtor fails to make payments due under a Chapter 13 plan, he may be forced to convert to a Chapter 7 proceeding or the court may dismiss his bankruptcy case entirely.").

Appellant has not persuaded the Court that the Bankruptcy Court or this Court could alter his domestic support obligation. Indeed, doing so would implicate the *Rooker-Feldman* doctrine,

which bars federal courts from reviewing claims that were raised, or that could have been raised, and resolved by a state court judgment. *Redford v. Gwinnett Cty. Jud. Cir.*, 350 F. App'x 341, 344-45 (11th Cir. 2009) (stating that the appellant was attempting "to use the federal courts to overturn the . . . state courts' decisions regarding his divorce, child custody arrangement, and child support obligations, and to attack the legality of his incarceration for refusing to pay child support," and concluding that "[s]uch collateral review of state court decisions [wa]s barred by the *Rooker-Feldman* doctrine . . . ."). Therefore, the Court will deny Appellant's Motion requesting that the Court issue a temporary restraining order.

**Accordingly, it is ORDERED**:

1. Appellant's Emergency Motion for Temporary Restraining Order to Enjoin Further Foreclosure Proceedings and Social Security Administration Garnishment (Doc. 39) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 28, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

7