UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY LEE WOODROFFE,

    Appellant,

v.                                                Case No: 8:18-cv-1437-T-36

JON WAAGE and STATE OF FLORIDA,
DEPARTMENT OF REVENUE,

    Appellees.
_____/

# OPINION

This cause comes before the Court upon Appellant Gary Lee Woodroffe's Notice of Appeal (Doc. 1-1) of the United States Bankruptcy Court's Order Denying Confirmation of Chapter 13 Plan and Dismissing Case ("Dismissal Order") (Doc. 16-2). In the Dismissal Order, the Bankruptcy Court concluded that Appellant's Chapter 13 plan did not meet the requirements for confirmation and it was, therefore, denied. Doc. 16-2. The Bankruptcy Court dismissed the case without prejudice. *Id.* Upon due consideration of the record, the parties' submissions, and otherwise being fully advised in the premises, the Court concludes that the Dismissal Order of the Bankruptcy Court should be affirmed.

**I    BACKGROUND**

Appellant filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 6, 2017. Doc. 16-5 at 2. The State of Florida – Child Support Enforcement filed a Proof of Claim for $114,754 owed in child support. Doc. 16-10. The Proof of Claim indicated that payments should be made to the Florida Department of Revenue, Bankruptcy ("DOR"). *Id.* at 1. The State indicated that the claim was based on arrearage payments owed by Appellant and $918.50 was to be paid monthly towards the arrearage. *Id.* at 4. During the proceedings, Appellant advised the

Bankruptcy Court that he had a case pending before the Second District Court of Appeal in Florida that related to the state court's jurisdiction, parental kidnapping, and the propriety of the amount of the domestic support obligation. Doc. 16-48. Additionally, Federal National Mortgage Association ("Fannie Mae") filed a claim in the amount of $187,365.37 for an unpaid mortgage that was secured by real property. Doc. 16-11.

During the bankruptcy proceeding, the DOR filed a Motion to Dismiss. Doc. 20-59. The DOR explained that prior to this bankruptcy, Appellant had filed two prior Chapter 13 petitions within the past 11 months.[1] *Id.* ¶ 2. The DOR also stated that the minimum payment plan for its claim alone would be approximately $2,000 per month. *Id.* ¶ 6. Based on its calculations, the DOR argued that Appellant's income was not sufficient to support payments required for confirmation of a Chapter 13 plan and that dismissal was warranted on the basis that Appellant would not be able to propose a plan that met the requirements of Chapter 13. *Id.* ¶¶ 7-9.

The Bankruptcy Court held a hearing on November 9, 2017. Doc. 16-46. During that hearing, Fannie Mae requested that the Bankruptcy Court permit the Chapter 13 Trustee to disburse adequate protection payments to it, and the Bankruptcy Court granted the motion. *Id.* Also during the November 7 hearing, the Bankruptcy Court continued the hearing on the DOR's Motion to Dismiss until March 15, 2018. Doc. 16-47.

Subsequently, on December 20, the Bankruptcy Court held an initial confirmation hearing. Doc. 16-5 at 8. However, the hearing was continued to May 9. *Id.* The Bankruptcy Court entered an order on the docket that stated "**CONT TO 5/9/2018 AT 1:35 PM; ANNOUNCED IN OPEN COURT NO FURTHER NOTICE TO BE GIVEN.**" *Id.*

---

[1] Indeed, many documents from the prior bankruptcies were submitted in the record on appeal in this case. *See*, *e.g.* Doc. 20-4 – 58.

During the March hearing on the Motion to Dismiss, the DOR orally withdrew its motion, without prejudice. Doc. 16-51. Also during the hearing, Fannie Mae orally moved to compel Appellant to file an amended plan, which the Bankruptcy Court granted by written order "[f]or the reasons stated orally and recorded in open court . . . ." Doc. 16-50. Appellant was given fourteen days to file an amended plan. *Id.* No amended plan appears on the docket.[2] Doc. 16-5 at 9-10.

While this was ongoing, an adversary proceeding related to the bankruptcy was also pending. More specifically, on December 4, 2017, Appellant filed an adversary proceeding against the DOR related to the bankruptcy case. Doc. 16-7 at 2. The DOR filed a motion to dismiss the proceeding, which was heard on March 15, 2018, and granted on March 22, 2018. *Id.* at 3.

The continued initial confirmation hearing proceeded on May 9. Neither Appellant nor his counsel appeared. Doc. 16-54 at 1-2. The Bankruptcy Court "considered the Chapter 13 Trustee's Unfavorable Recommendation and Objection Concerning Confirmation[3] . . . and the record," denied confirmation, and dismissed the case for failure to file a Chapter 13 plan that met the requirements for confirmation. *Id.* at 3; *see also* Doc. 16-53.

Appellant filed an Emergency Motion to Dismiss Ex Parte Hearing due to Insufficient Process, Motion for Status Conference, Request to Take Judicial Notice ("Motion for Reconsideration"). Doc. 16-52. In the Motion for Reconsideration, Appellant argued that any decision resulting from the hearing should be considered null and void because he did not receive

---

[2] Appellant stated in a subsequent Motion for Reconsideration of the dismissal of his case that he filed "a quasi Memorandum of Law" on March 27, 2018 (Doc. 16-52 ¶ 5), but this does not appear on the docket (Doc. 16-5 at 9).

[3] A copy of this recommendation was not provided to the Court for review. Indeed, most of the documents contained in the record pertain to other bankruptcy cases that are not pending before this Court on appeal. This appeal concerns only bankruptcy case number 8:17-bk-08529-CPM, the case identified in the Notice of Appeal. Doc. 1-1.

notice of the hearing and, therefore, was denied due process. *Id.* ¶¶ 3-4. Additionally, Appellant indicated that the adversarial proceeding in which he challenged the DOR's claim remained pending, and no payment plan could be made until that proceeding was resolved and the DOR's improper claim and garnishment was removed. *Id.* ¶ 8.

The Bankruptcy Court denied Appellant's Motion for Reconsideration, doc. 16-54, explaining that Appellant's counsel had notice of the hearing, which was sufficient to meet the requirements of due process. *Id.* at 2. Additionally, the Bankruptcy Court noted that Appellant did not address the deficiencies of his plan that were described in the Trustee's Objection to Confirmation. *Id.* The Bankruptcy Court indicated that Appellant's plan proposed to deal with Fannie Mae's claim by seeking a modification in mediation with Fannie Mae. *Id.* at 2-3. However, such a mediation had already occurred and was not successful. *Id.* at 3. Consequently, the Bankruptcy Court stated, Appellant was "unable to present the Court with a plan that c[ould] be implemented and confirmed" and "even if [Appellant] had attended the May 9th hearing, there [wa]s no argument he could have made to change the outcome because no grounds exist[ed] to vacate the dismissal order and reinstate the case." *Id.* This appeal followed. Doc. 1-1.

## II. ANALYSIS

### A. Standard of Review

This court functions as an appellate court for the decisions of the United States Bankruptcy Courts. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir.1990). In reviewing findings of fact by the Bankruptcy Court, this Court applies the clearly erroneous standard of review, and when reviewing conclusions of law, the Court applies the de novo standard of review. *Whiting–Turner Contracting Co. v. Electric Machinery Enterprises, Inc.*, No. 8:06-CIV-114-T-17MSS, 2006 WL 1679357, *1 (M.D. Fla. June 19, 2006). De novo review requires the court to make a judgment "independent

of the bankruptcy court's, without deference to that court's analysis and conclusions." *In re Sternberg*, 229 B.R. 238, 244 (S.D. Fla. 1998); *citing Moody v. Amoco Oil Co*., 734 F.2d 1200, 1210 (7th Cir.1984). The proper construction of the Bankruptcy Code by the Bankruptcy Court or by this Court is a matter of law; accordingly, such interpretations are subject to de novo review. *In re Colortex Industries, Inc*., 19 F.3d 1371, 1374 (11th Cir. 1994); *In re Taylor*, 3 F.3d 1512, 1514 (11th Cir. 1993).

### B. Scope of Appeal

In Appellant's statement of the basis for jurisdiction, Appellant recognizes that this is an appeal from an order of the Bankruptcy Court, but he also states that jurisdiction exists because Appellees engaged in "supremacy violations" by violating various federal statutes related to child support guidelines and garnishment of social security income, violating his constitutional right to access to the courts. Doc. 38 at 10-11. Appellant further alleges jurisdiction based on defamation by Appellees and nonparties and seizure of his home by foreclosure in violation of the Fourth Amendment to the United States Constitution. *Id.* at 11-12. Additionally, Appellant contends that jurisdiction exists based on diversity between him and the mother of the child to whom the domestic support obligation is owed, a non-party to this appeal, who Appellant contends engaged in parental kidnapping. *Id.* at 12. Appellant also alleges that the State of Florida violated the full faith and credit law by not following privacy laws of the State of Washington. *Id.* at 13. To the extent that Appellant is seeking to invoke anything other than appellate jurisdiction over the Bankruptcy Court's Dismissal Order—such as diversity jurisdiction or federal subject matter jurisdiction—to raise new claims, this is not the appropriate proceeding for such matters. *See*, *e.g.*, *Alloco v. City of Coral Gables*, 159 F. App'x 921, 922-23 (11th Cir. 2005) (stating that courts consistently decline to consider issues raised for the first time on appeal, absent special

5

circumstances, because courts of appeals review claims of judicial error). Instead, this appeal is limited to review of the bankruptcy case on appeal.

Moreover, must of Appellant's argument relates to matters in prior bankruptcy cases and the adversary proceeding that he filed during this case. This Court will not review the propriety of orders by the Bankruptcy Court in cases that are not before it on appeal. Additionally, the Court will not review the propriety of orders in the adversary proceeding, because such proceedings are treated as distinct for purposes of appeal. *Matter of Dorsey*, 870 F.3d 359, 362 (5th Cir. 2017) (stating that the notice of appeal in a main bankruptcy proceeding "could not serve as a notice of appeal in the adversary proceeding."); *see also In re Boca Arena, Inc.*, 184 F.3d 1285, 1286 (11th Cir. 1999) ("In bankruptcy, adversary proceedings generally are viewed as 'stand-alone lawsuits,' and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy."). Appellant sought to appeal the order dismissing the adversary proceeding, but his notice of appeal was untimely and the appeal was dismissed. Doc. 16-7 at 4. This is not an opportunity to revive such an appeal. Rulings and arguments made in the adversary proceeding—which concerned the propriety of the DOR garnishing Appellant's social security benefits (Doc. 16-69)—are not properly before this Court and will not be considered in this appeal.

### C. Dismissal of Appellant's Chapter 13 Bankruptcy Case

The basis of the Dismissal Order was that Appellant's plan failed to provide payment for the secured claim against Appellant's homestead, as described in the Trustee's Objection to Confirmation, which was not submitted to this Court. Although no objection by Fannie Mae, which is not a party to this appeal, is contained in the record, the record demonstrates that Fannie Mae moved to compel an amended plan, which Appellant failed to do. Doc. 16-50.

Appellant does not argue in this appeal that the Bankruptcy Court erred by denying confirmation of his proposed plan. Indeed, 11 U.S.C. § 1322(b) states that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." In other words, a plan may not modify the rights of a holder of a secured creditor who holds a security interest in a debtor's home, where that secured creditor holds no other security.

With respect to secured creditors, a Chapter 13 plan must be confirmed if the holder of such a claim accepted the plan, the debtor pays towards the lien while the creditor retains his or her security, or the debtor surrenders the property to the holder of the claim. 11 U.S.C. § 1325(a)(5); *see also In re Lawson*, No. CC-19-TaSKu, 2019 WL 3503064, at *3 (9th Cir. BAP July 31, 2019) ("Section 1325(a)(5) requires one of three alternative treatments for a secured creditor whose claim is included in a chapter 13 plan: 'treatment to which the secured creditor consents; retention of collateral by the debtor with a stream of payments to the secured creditor; or surrender of the collateral to the secured creditor.' " (quoting *Trejos v. VW Credit, Inc. (In re Trejos)*, 374 B.R. 210, 214 (9th Cir. BAP 2007))). Pursuant to 11 U.S.C. § 1307(c)(5), if a party or the trustee makes such a request, "and after notice and a hearing, the court may convert a case . . . to a case under chapter 7 . . . or may dismiss a cause . . . whichever is in the best interests of the creditors and the estate, for cause, including . . . denial of confirmation of a plan under section 1325 . . . ."

The Bankruptcy Court "ha[d] the obligation to deny confirmation of a plan that d[id] not comply with the confirmation requirements of 11 U.S.C. § 1325(a)." *In re Jackson*, 446 B.R. 608, 610 (N.D. Ga. 2011) (citing *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1380-81 (2010)). Moreover, the burden is on the debtor to show the court that the plan meets the

requirements for confirmation. *In re Humphrey*, 165 B.R. 508, 510 (M.D. Fla. 1994). Here, Appellant's proposed plan, which he failed to amend when directed to do so by the Bankruptcy Court, did not provide for repayment of a secured creditor's claim and the Bankruptcy Court did not commit legal error in denying confirmation of the plan, where Appellant failed to appear and show that the plan met the requirements of confirmation.

Moreover, pursuant to section 1307(c)(1), the Bankruptcy Court may dismiss a cause for unreasonable delay by the debtor that is prejudicial to the creditors. Here, the Bankruptcy Court held several hearings over a five-month period, granted Appellant an opportunity to amend his plan, and Appellant failed to do so, and failed to appear at the final hearing. *Morris v. O'Brien*, No. 14-604-CG-B, 2015 WL 5312321, at *3 (S.D. Ala. Sept. 2, 2015) (stating that a delay caused by failure to comply with court orders and correct deficiencies resulted in unreasonable delay that was prejudicial to creditors and created cause for dismissal).

Moreover, Appellant does not even argue in this appeal that his proposed plan should have been confirmed. Instead, Appellant makes various arguments regarding how the DOR and Florida have damaged him, and arguments not made to the Bankruptcy Court in this case before its entry of the Dismissal Order. *See generally* Doc. 38. As previously stated, such matters are not within the scope of this appeal, which concerns the Bankruptcy Court's denial of Appellant's proposed Chapter 13 plan and dismissal of the bankruptcy. Appellant presents no argument in this appeal that was presented to and ruled on by the Bankruptcy Court in the case on review, or that is pertinent to the Dismissal Order.

D.   **Trustee Immunity**

Appellant named the individual bankruptcy trustee ("Trustee") as a party to this appeal. Bankruptcy trustees act in their official capacity, and not personally, and trustees are not personally

8

liable for performing their duties. *In re Solar Fin'l Servs., Inc.*, 255 B.R. 801, 805 (S.D. Fla. 2000). Moreover, "trustees enjoy derived judicial immunity provided that they are acting within the scope and on authority and pursuant to an order of the court." *In re Clearwater Bay Marine Serv., Inc.*, 236 B.R. 285, 287 (M.D. Fla. 1999).

Appellant did not state a claim below against the Trustee, and could not do so for the first time in this appeal. *Alloco*, 159 F. App'x at 922-23. Even if he could, the Trustee enjoys quasi-judicial immunity, and nothing in Appellant's briefs before this Court demonstrate that any relief is proper against the Trustee.

### III. CONCLUSION

Appellant has not shown that the Bankruptcy Court made any error of law in denying confirmation of his Chapter 13 plan and dismissing the bankruptcy case.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Order of the Bankruptcy Court Denying Confirmation and Dismissing Case (Doc. 16-2) entered on May 15, 2018, is **AFFIRMED.**

2. The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on September 24, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any