UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY LEE WOODROFFE,

    Appellant,

v.                                               Case No: 8:18-cv-1437-T-36

JON M. WAAGE and STATE OF
FLORIDA, DEPARTMENT OF
REVENUE,

    Appellees.
_____/

## **ORDER**

This matter comes before the Court upon Appellant's Verified Motion to Vacate Not Limited to Rule 60(b) ("Motion to Vacate") (Doc. 56). Appellees did not respond and the time to do so has elapsed. In the motion, Appellant states that he suffered from a stroke in January 2019 that limited his capacity to respond to legal requirements and deadlines, and that his financial status prevented him from maintaining his PACER account between March and November 2019. Doc. 56 at 2-3. Because of his disabled PACER account, Appellant contends that he did not receive vital service of Court documents. *Id.* at 3. Appellant relies on various other disabilities to argue that this Court should vacate its Opinion and allow him to file a Reply Brief. *Id.* at 3-5. The Court, having considered the motion and being fully advised in the premises, will deny the Motion to Vacate.

**I.**    **BACKGROUND**

Appellant filed this appeal from an Order of the Bankruptcy Court denying confirmation of Appellant's Chapter 13 plan and dismissing Appellant's voluntary Petition under Chapter 13.

Doc. 16-5 at 2. The dismissal was because the plan did not meet the requirements for confirmation. *Id.* ¶ 1.

During the bankruptcy proceedings, the State of Florida filed a proof of claim for child support enforcement for payments to be sent to the DOR. Doc. 16-10 at 1. The claim was for $114,754.00. Id. at 2. Appellant repeatedly disputed the validity and amount of the child support claim, arguing that it was fraudulent. *See, e.g.*, Docs. 16-14, 16-15, 16-25, 16-26, 16-37, 16-38, 16-60, 16-62, 16-80. Appellant continued to make these arguments in his appeal. Doc. 54 at 2.

In June 2019, months after Appellant filed his Initial Brief and Appellees filed Answer Briefs, Appellant filed a Supplemental Brief, which this Court took under advisement and considered as Appellee's Reply Brief. Doc. 54 at 9. After the briefing was complete, the Court issued its Opinion, in which the Court affirmed the Bankruptcy Court's Dismissal Order.

Approximately sixty-nine days after this Court issued its Opinion, Appellant filed the instant Motion to Vacate seeking to vacate the Opinion to allow him an opportunity to file a Reply Brief. Doc. 56.

## II. LEGAL STANDARD

In bankruptcy appeals, this Court has previously applied the same standard on motions for rehearing as that applied to motions for reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b). *In re Steffen*, 405 B.R. 486, 488 (M.D. Fla. 2009). "Thus, the Court requires the movant to 'set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.' " *Id.* (quoting *In re Envirocon Int'l Corp.*, 218 B.R. 978, 979 (M.D.Fla.1998)). Motions for reconsideration are granted where the movant shows newly discovered evidence, an intervening development or change in controlling law, or the need to correct a clear error of fact

or law. *Huntsville Golf Dev., Inc. v. Whitney Bank*, 5:13-CV-671-VEH, 2014 WL 2973106, at *1 (N.D. Ala. June 27, 2014).

"A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion." *Id.* (quoting *In re Daniels*, 1:12-CV-4181-WSD, 2014 WL 547176, at *3 (N.D. Ga. Feb. 10, 2014) (citations omitted)). "Whether to grant a motion for reconsideration is within the sound discretion of the district court ." *Id.*

## III. DISCUSSION

Appellant has not provided any basis for this Court to vacate its Opinion and reconsider its decision. Appellant was afforded the opportunity to file a Reply Brief, which was reviewed by the Court prior to issuing its Opinion. Docs. 53-54. Appellant has not shown that new evidence warrants reconsideration of the merits of the Court's Opinion, that there has been a change or development in controlling law, or that the Opinion contains an error of law or fact that warrants vacating the Opinion.

Indeed, nothing in Appellant's Motion to Vacate is directed to the contents of the Opinion. As the Court explained in the Opinion, the Bankruptcy Court's dismissal of Appellant's bankruptcy plan was proper because it did not meet the requirements for confirmation. Doc. 54 at 8. Nothing about Appellant's disabilities or medical woes detailed in his Motion alters the merits of the Bankruptcy Court's Order, or this Court's Opinion. Accordingly, the Court will not vacate or reconsider its Opinion. Accordingly, it is

**ORDERED**:

1. Appellant's Verified Motion to Vacate Not Limited to Rule 60(b) (Doc. 56) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on March 25, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any